```
 1                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEBRASKA
 2

 3      UNITED STATES OF AMERICA,          )
                                           )
 4                         Plaintiff,      ) 8:23CR86
                                           )
 5                  vs.                    )
                                           )
 6      DAVID LEIDERMANN,                  ) Omaha, Nebraska
                                           ) May 18, 2023
 7                         Defendant.      )

 8


 9                      TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE MICHAEL D. NELSON
10                   UNITED STATES MAGISTRATE JUDGE

11

12                      A-P-P-E-A-R-A-N-C-E-S

13      FOR THE PLAINTIFF:            Mr. Thomas J. Kangior
                                      Asst. United States Attorney
14                                    1620 Dodge Street
                                      Suite 1400
15                                    Omaha, NE 68102

16      FOR THE DEFENDANT:            Mr. Clarence E. Mock III
                                      Johnson, Mock Law Firm Oakland
17                                    P.O. Box 62
                                      Oakland, NE  68405
18

19

20

21      TRANSCRIBER:                  Ms. Rhonda S. Sansom, RPR, CRR
                                      8104 South 166 Street
22                                    Omaha, NE 68136
                                      (859) 619-3624
23

        Proceedings recorded by digital recording, transcript produced
24      by certified stenographer.

25
```

1          (At 1:48 p.m. on May 18, 2023, with counsel for the

2     parties and the defendant present, the following proceedings

3     were had:)

4          THE COURT:  We're on the record.  This is the United

5     States of America versus David Leidermann.  Case number is

6     8:23CR86.

7          Counsel for the government?

8          MR. KANGIOR:  Good afternoon, your Honor.  Thomas J.

9     Kangior appearing on behalf of the United States.

10         THE COURT:  Mr. Leidermann, this is an initial

11    appearance.  A grand jury in the District of Nebraska has

12    returned an indictment.  You're named as a defendant in that

13    indictment, and it's alleged that you have violated the laws

14    of the United States.

15         You do have the right to remain silent.  Anything you

16    say can be used against you.

17       You also have the right to have an attorney appointed to

18    represent you at no cost in the event you're unable to afford

19    an attorney.

20         Mr. Mock, I understand that you're privately

21    retained?

22         MR. MOCK:  I am, your Honor.

23         THE COURT:  Will you please enter your appearance?

24         MR. MOCK:  Clarence Mock, your Honor.  Good

25    afternoon.

```
1              THE COURT:  Good afternoon.

2              MR. MOCK:  On behalf of David Leidermann.

3              THE COURT:  Good afternoon, Mr. Mock.

4         Has your client received a copy of the indictment?

5              MR. MOCK:  Yes.

6              THE COURT:  Does he waive formal reading?

7              MR. MOCK:  Yes.

8              THE COURT:  Requests Rule 16 discovery?

9              MR. MOCK:  I do.

10             THE COURT:  Is he going to hold off on requesting

11        expert disclosures for the time being?

12             MR. MOCK:  Yes.

13             THE COURT:  Is the government also going to hold off

14        on requesting expert disclosures?

15             MR. KANGIOR:  Yes.

16             THE COURT:  Sir, I do want you to listen carefully.

17        Mr. Kangior, the government's attorney, is going to advise you

18        of the nature of the charge against you -- charges against you

19        in this case.

20             He'll also advise you of the penalties that you face

21        in the event you're convicted of one or more of these charges.

22        Please listen carefully.

23             MR. KANGIOR:  Sir, the indictment contains three

24        counts.  In Count I, you are charged with conspiracy to

25        distribute and possession with the intent to distribute more
```

1    than 1,000 kilograms of marijuana, along with a quantity of

2    products that contain THC.

3          That is a violation of Title 21, United States Code,

4    Section 846.

5          If you are convicted of this offense, you face a

6    maximum punishment of at least 10 years and up to life in

7    prison, a fine of up to $10 million, or both a prison term and

8    a fine; a term of supervised release of at least 5 years and

9    up to life; and a $100 special assessment.

10         In Count II you are charged with money laundering,

11   which is a violation of Title 18, United States Code, Section

12   1956(a)(1)(B).

13         And in Count III you are charged with conspiracy to

14   commit money laundering, which is a violation of Title 18,

15   Section 1956(h)2.

16       The penalties for Counts II and III are the same.  If

17   convicted, you face a maximum punishment of up to 20 years

18   imprisonment, a fine of up to $500,000, or both a prison term

19   and a fine; a term of supervised release of up to 3 years; and

20   a $100 special assessment.

21         THE COURT:  Sir, do you understand the nature of the

22   charges?

23         THE DEFENDANT:  Yes, I do.

24         THE COURT:  And do you understand the maximum

25   penalties that can be imposed?

```
1              THE DEFENDANT:  Yes, I do.

2              THE COURT:  The Court will enter a not-guilty plea as

3     to each count as alleged against the defendant in the

4     indictment, as requested by the defendant.

5              The Court will also order Rule 16 discovery, as

6     requested by the parties.  The government shall produce Rule

7     16 discovery on or before May 25, 2023.  Pretrial motions due

8     by June 7th, 2023.

9              Pursuant to Due Process Protections Act, the Court

10    confirms the United States' obligation to disclose to the

11    defendant all exculpatory evidence, as required by Brady

12    v. Maryland and its progeny, and orders the United States to

13    do so.

14             Failure to disclose exculpatory evidence in a timely

15    manner may result in consequences, including but not limited

16    to adverse jury instructions, dismissal of charges, contempt

17    proceedings, or sanctions by the Court.

18             Progression already issued.  Case is assigned to

19    District Judge Buescher and to Magistrate Judge Bazis.

20             Turning to the issue of detention or release, the

21    Court will take judicial notice -- judicial notice of the

22    indictment, amended criminal cover sheet, Pretrial Services

23    report -- Filings 4, 32, and 40 -- as well as the original

24    criminal complaint in this case at Filing No. 1.

25             Any objection from the government?
```

1          MR. KANGIOR:  No, your Honor.

2          THE COURT:  Are you seeking detention?

3          MR. KANGIOR:  Yes, based on both prongs.

4          THE COURT:  Mr. Mock, any objection to the Court

5    taking judicial notice of those documents?

6          MR. MOCK:  No, your Honor.

7          THE COURT:  Is your client submitting on the matter

8    of detention at the present time?

9          MR. MOCK:  Yes.  We are not contesting detention at

10   this time, but we do want that to be with the understanding

11   that we're reserving our right to file a motion to amend,

12   seeking additional conditions.

13         THE COURT:  Fair enough.  I'll consider that the

14   defendant is submitting the matter based upon the information

15   presented to the Court now.  To the extent there's any

16   material information as to the issue of flight or danger,

17   defendant is free of course to file a motion for the Court's

18   consideration at a later date.

19         MR. MOCK:  Your Honor, I -- in terms of scheduling,

20   it -- it is my understanding that we will be filing a motion,

21   as I've discussed.  And I was wondering if we could figure out

22   a date that that motion could be heard, because there are

23   other counsel from Miami that'll be participating and probably

24   handling that hearing.

25         And so if we could set a date now, that would be helpful

1    for scheduling purposes.

2              THE COURT:  Okay.  I think what I'll do now is, this

3    case is assigned to Judge Bazis.

4              Let me ask first:  Does the government have any

5    additional evidence or argument with regard to detention?

6              MR. KANGIOR:  No, your Honor.

7              THE COURT:  So for now, Mr. Mock, what I'll do is

8    I'll go ahead and consider the matter having been submitted to

9    the Court.

10      There is a presumption in favor of the government, given

11   the nature of the charges in this case -- or at least one of

12   the charges in this case, excuse me.

13             With regard to Count I in this case, I find that that

14   presumption's not been rebutted, so I will order detention on

15   that basis and I'll enter an order with my written findings.

16             Now, with regard to any material information that can

17   be presented with regard to the issue of flight or danger, a

18   release plan will have to be submitted by counsel.

19      Once that is submitted, Judge Bazis will make a

20   determination as to when that will be scheduled for a hearing.

21             Just in the motion, request that -- that counsel

22   be -- that you request a status conference to schedule that,

23   and then Judge Bazis will take it from there.

24             If the defendant wishes to be interviewed, then we

25   should know that.  Does he, or do you know?

1          MR. MOCK:  Your Honor, one of the issues in this

2     particular case, and I think it's maybe more common than it

3     should be, but Mr. Leidermann has not had the opportunity to

4     have a face-to-face meeting with the trial counsel from Miami

5     that he has retained.

6          And that they should -- I think they maybe already

7     entered their appearance.  I know that Mr. Rosen has, but I

8     don't know if Mr. Diaz has yet.

9          But in any event, this has caused some issues because

10    he hasn't had the ability to seek the advice of counsel

11    related to that, those issues.  And so that's been --

12          THE COURT:  Well --

13          MR. MOCK:  -- that's been a problem, and so that's

14    why.  That's the reason why he has been reluctant to answer

15    the questions of the Pretrial Services.

16          THE COURT:  All right.  I understand.  It very well

17    may be his intention, his desire, and it may be necessary for

18    the Court's consideration, to be interviewed.

19          So I would reach out to your cocounsel and tell them

20    that, pursuant to our local rules and case management

21    practices, if they want a review of the detention hearing

22    they need to file a motion with a release plan.

23          They should state in that motion that they wish to

24    have a status conference with the Court with regard to those

25    issues and the scheduling of a hearing.

1    And they probably either want to address at the status

2    conference or in the motion whether they wish to have the

3    defendant interviewed by Pretrial Services.

4        MR. MOCK:  Yeah.  I -- honestly, I anticipate that

5    that's exactly probably what will ultimately happen, but that

6    has been the issue.

7        And I -- and I just -- if I might add, I don't know

8    if the Court has any power in this regard, but it's -- it

9    becomes increasingly difficult when people are housed in the

10   Douglas County jail to have the kind of conferences that I

11   think are reasonably necessary about very sensitive matters to

12   be conducted within the confines of the attorney-client

13   privilege.

14       And it's just very difficult, if not impossible, to

15   do that in a bank of video phones where there are people in --

16   with unrelated cases sitting relatively close and that can

17   hear every -- at least one side of the conversation throughout

18   that process.

19       And, you know, it's just become -- it's my

20   understanding that, you know, they don't -- they just will not

21   allow conferences with counsel for any reason other than to go

22   through discovery materials face to face.

23       And -- and -- and in cases of this nature, while

24   there certainly would be room, a reason to do that in the

25   future, I suspect, there's also a number of different things

1    that need to be discussed that -- that counsel, for

2    information that they have in their possession that they can

3    bring that really don't have anything to do with discovery

4    and -- and keep getting the --

5         THE COURT:  Well --

6         MR. MOCK:  -- from the jail that we -- you know,

7    "That that doesn't meet our qualification to be able to have a

8    face to face."

9         THE COURT:  They're not allowing you to have

10   attorney-client meetings in the individual rooms?

11        MR. MOCK:  Right, unless -- unless it has to do with

12   the going over discovery materials.  But if -- if you -- I've

13   been told this repeatedly, and -- and I think that's been the

14   case here in this matter, that -- that if -- if you just want

15   a face to face to talk with your -- your client and it's not

16   related to discovery matters, that that has to be done by

17   video.  And it's --

18        THE COURT:  Well, I don't -- yeah.

19        MR. MOCK:  It's an impediment.  And I noticed that

20   the California order said that we should have the reasonable

21   opportunity to have a face-to-face meeting with -- with

22   counsel.

23        THE COURT:  I -- I think it's outside what I can do

24   in the courtroom today.  But if there's an issue reach out to

25   the Marshals Service, if necessary to the chief judge of this

1     district, and we'll address those concerns.

2           I note that discover is ordered here in the next

3     week.  I would think that there would be some conference with

4     the defendant.

5           So if there's issues with that, then I would first

6     address with the Marshals Service and then take it up with the

7     chief judge.  Okay?

8           MR. MOCK:  Yeah.  I'm certain that I'm not the only

9     one that's probably told you that, but I thought I would

10    express it on behalf of Mr. Leidermann.

11          THE COURT:  Well, it'll be another voice, and we'll

12    see if we can get that corrected.

13          MR. MOCK:  All right.  Very good.  Thank you.

14          THE COURT:  Okay.  Anything else?

15          MR. MOCK:  No, sir.

16          THE COURT:  Okay.  Anything else on behalf of the

17    government?

18          MR. KANGIOR:  No, your Honor.

19          THE COURT:  Okay.  The government's motion for

20    detention on flight and danger is granted because the

21    defendant has not rebutted the presumption in favor of the

22    government.

23          The defendant is remanded -- detained in the custody

24    of the U.S. Marshal pending further order of the court.

25          We're in recess.  The parties are excused.

1          (Adjourned at 2:00 p.m.)

2      I certify that the foregoing is a correct transcription

3   to the best of my ability from the digital recording of

4   proceedings in the above-entitled matter.

5

6

7

8      ___/s Rhonda S. Sansom___          _July 1, 2023___

9      Rhonda S. Sansom, RPR, CRR              Date