IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br><br>    vs.<br><br><br>DAVID LEIDERMANN, et al.,<br><br>              Defendant. | **8:23-CR-86**<br><br><br><br>**ORDER** |

This matter is before the Court on a Joint Stipulation, Filing 676, filed by counsel for the Government and counsel for Gerald Casale, a third-party petitioner asserting a legal interest in property that has been ordered forfeited as to some of the co-defendants in this case. The parties "stipulate and agree that any and all ancillary proceedings, including hearings on any third-party petitions, shall be stayed until the conclusion of the criminal proceedings to all defendants." Filing 676 at 2. For the reasons below, the Court will grant a stay of all ancillary forfeiture proceedings in this matter.

The Third Superseding Indictment charges thirteen individuals[1] with conspiracy to distribute and possession with intent to distribute marijuana (Count I), money laundering (Count II), and conspiracy to commit money laundering (Count III). Filing 375. The Third Superseding Indictment also contains a Forfeiture Allegation seeking forfeiture of 47 items and a money judgment in the "approximate amount of $250,000,000." Filing 375 at 4–7. Of those thirteen defendants, three have

---

[1] Defendant James Reja was named in the Indictment, Filing 4; the Superseding Indictment, Filing 75; and the Second Superseding Indictment, Filing 205. He was not named in the Third Superseding Indictment. *See generally* Filing 375. Filings by Reja's attorney indicate that Reja is deceased. *See* Filing 524 at 1.

already been sentenced, one is awaiting sentencing, and two recently changed their pleas to guilty. *See* Filing 589 (Judgment as to Michael Garringer); Filing 627 (Judgment as to Tyler John Witteman); Filing 680 (Judgment as to Michael J. Konior); Filing 666 (Text Minute Entry Continuing Justin Garringer's Sentencing to March 11, 2026); Filing 650 (Text Minute Entry for Eric Thibodo's Change of Plea Hearing); Filing 688 (Text Minute Entry for Evan Bowen's Change of Plea Hearing). Preliminary orders of forfeiture have been entered as to the three defendants who have already been sentenced, authorizing the Government to seize the 47 property items listed in the Forfeiture Allegation.[2] Filing 591; Filing 629; Filing 682. The three defendants awaiting sentencing, Justin Garringer and Eric Thibodo, have all admitted the Forfeiture Allegation.[3] Filing 543 (Justin Garringer Plea Agreement); Filing 656 (Thibodo Plea Agreement); Filing 693 (Bowen Plea Agreement).

Shortly after the Court entered preliminary orders of forfeiture as to Michael Garringer and Tyler John Witteman, counsel for Gerald Casale filed a Petition of Gerald Casale For Hearing and Determination that Petitioner's Interest in Property Should Not Be Forfeited, Pursuant to 21 U.S.C. § 853(n). Filing 659. Casale's petition claimed his legal interest in four properties listed in the preliminary orders of forfeiture:

> a. U.S. funds in the amount of $459,314.59 seized August 31, 2023, from City National Bank account 101388425 owned by Gerald V. Casale, Trustee of Gerald V. Casale Trust.

---

[2] At the sentencing hearings for Michael Garringer, Tyler John Witteman, and Michael J. Konior, counsel for the Government moved to dismiss the $250 million forfeiture money judgment listed at item vv. of the Forfeiture Allegation. *See* Filing 591 (Michael Garringer); Filing 629 (Tyler John Witteman); Filing 682 (Michael J. Konior).

[3] Although Justin Garringer generally admitted to the Forfeiture Allegation during his change of plea hearing and in his plea agreement, counsel for the Government has indicated that the Government will seek dismissal of the forfeiture money judgment listed at item vv. of the Forfeiture Allegation at sentencing. Filing 592 at 1. Eric Thibodo's plea agreement states that he has admitted to the Forfeiture Allegation and that the Government will move to dismiss the forfeiture money judgment at item vv. at sentencing. Filing 656 at 1. Evan Bowen's plea agreement states the same. Filing 693 at 1.

b. U.S. funds in the amount of $121,071.62 seized August 31, 2023, from City National Bank account 112559124 belonging to More Gold Records, owned by Gerald V. Casale.

\* \* \*

q. Real property located at Napa County, California, Parcel #052-472-021, 51 Syar Drive, Napa, California.

\* \* \*

t. Real property located at Los Angeles County, California, Parcel #5021-006-023, 816 Seward Street, Los Angeles, California.

Filing 659 at 1; Filing 375 at 4, 5; Filing 591 at 2,3; Filing 629 at 2, 3. Casale brought his petition

pursuant to 21 U.S.C. § 853(n), which provides in relevant part:

> **(2)** Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
>
> **(3)** The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(2), (3). Thus, consistent with the statute and with Federal Rule of Criminal

Procedure 32.2, Casale's petition triggers an ancillary forfeiture proceeding. *See* Fed. R. Crim. P.

32.2(c) (explaining that, "[i]f, as prescribed by statute, a third party files a petition asserting an

interest in the property to be forfeited, the court must conduct an ancillary proceeding").

Under 21 U.S.C. § 853(n), that ancillary proceeding involves a hearing on the petition which

"shall, to the extent practicable and consistent with the interests of justice, be held within thirty days

of the filing of the petition." 21 U.S.C. § 853(n)(4). "The court may consolidate the hearing on the

petition with a hearing on any other petition filed by a person other than the defendant under this

subsection." 21 U.S.C. § 853(n)(4). Although 21 U.S.C. § 853(n) calls for a thirty-day window when possible, Rule 32.2 provides that prior to "conducting a hearing on the petition," the court "may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A), (B). The court may also "permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues" and the Court may consider motions for summary judgment, all before conducting a hearing. Fed. R. Crim. P. 32.2(c)(1)(B).

This is a case where it is not "practicable" to hold a hearing on Casale's petition within thirty days, a fact that Casale recognizes by filing a Joint Stipulation to stay his ancillary proceeding. Filing 676. Although the Court has entered preliminary orders of forfeiture as to some of the defendants, there are many more defendants as to whom the forfeiture issue has not yet been addressed. In the Joint Stipulation, the Government represents its intention to submit a motion for a preliminary order of forfeiture "as to all the assets listed in the Forfeiture Allegation of the Third Superseding Indictment" after "a change of plea and/or a conviction of each defendant." Filing 676 at 1. The notice provisions in 21 U.S.C. § 853(n) will therefore be implicated each time a preliminary order of forfeiture is entered, meaning third-party petitioners like Casale will be able to assert their interests in the months to come. The Court agrees with the Government's and Casale's assessment that "following completion of the statutory publication process and expiration of all applicable deadlines for filing petitions, the 'universe' of all potential third-party claimants will be known." Filing 676 at 2. When that "universe" has been established, the Court will be able to "consolidate the hearing on [Casale's] petition with a hearing on any other petition" properly and timely filed. 21 U.S.C. § 853(n)(4). The Government will also be able "to conduct a settlement conference in good

faith to explore resolution of ancillary claims without the need for ancillary hearings, subject to Court approval." Filing 676 at 2.

Based on the Court's review of this case and based on the Government's and Casale's representations in the Joint Stipulation, the Court concludes that a stay of all ancillary proceedings— the proceeding triggered by Casale's petition and any proceedings triggered by any future petitions—will serve the interests of judicial economy and efficiency and will ensure that all petitions are fairly resolved. The Court therefore exercises its "broad discretion to stay" any and all ancillary forfeiture proceedings in this case. *Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *see also United States v. Moser*, 586 F.3d 1089, 1091 (8th Cir. 2009) (noting the district court's decision to "grant[ ] a joint motion to stay the ancillary proceedings pending resolution of the criminal case against [the petitioner] and resolution of the separate, *in rem*, civil-forfeiture case"). The Court anticipates that third-party petitioners will continue to file petitions pursuant to 21 U.S.C. § 853(n) as they receive notice, but the Court will refrain from considering those petitions until this case is final as to all defendants. Accordingly,

IT IS ORDERED that:

1. The Joint Stipulation, Filing 676, is granted;

2. Any and all ancillary forfeiture proceedings related to this matter will be stayed until this criminal case is final as to all defendants named in the Third Superseding Indictment; and

3. After the stay is lifted, the Court will conduct ancillary proceedings triggered by any timely and properly filed third-party petitions.

Dated this 11th day of February, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge